UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RUSSEL LUCKETT<br>CDCR #BA-6053,<br><br>                              Plaintiff,<br><br>vs.<br><br>A. SUDBURY, et al.,<br><br>                              Defendants. | Case No. 20-cv-0932-MMA-JLB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

Plaintiff Keith Russell Luckett, an inmate currently incarcerated at Salinas Valley State Prison, has filed a civil rights action pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). Plaintiff has also filed Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff has not submitted the required copy of his CDCR Inmate Statement Report.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119.  Without the trust account statement, this Court is unable to determine whether Plaintiff

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

qualifies to proceed IFP and what, if any, the initial partial payment of the filing fee should be. Therefore, the Court **DENIES** Plaintiff's Motion to Proceed IFP without prejudice.

**II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

A.    Standard of Review

Although the Court has denied Plaintiff's motion to proceed IFP and his Complaint is therefore subject to dismissal on that ground alone, in the interest of judicial economy the Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for

relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's factual allegations

On July 9, 2015, Plaintiff was in the custody of the San Diego County Jail while he was attending his trial. *See* Compl. at 12. During his attorney's closing argument, he "stood up and yelled his innocence." *Id.* At that point, San Diego County Sheriff A. Sudbury punched Plaintiff in the back of his head, knocking Plaintiff unconscious. Plaintiff alleges that defendants A. Macias and J. Lopez, also San Diego County Sheriffs, punched and kicked him. Plaintiff was then dragged from the courtroom. Plaintiff contends he was disoriented from the courtroom attack and could not identify the Does 1-4 who also punched and kicked him after he was removed from the courtroom. Plaintiff also alleges and that he was tasered several times unnecessarily and that the Defendants did not file an incident report. Plaintiff alleges that although he was taken to the hospital after the incident, this was only "to deal with the protocol after being tasered" and that "all other medical treatment was denied." *Id.* at 14.

Plaintiff appeared in court on July 10, 2015 and told the judge he had not been fed since the preceding morning. Later, Plaintiff was placed in Administrative Segregation (Ad. Seg.), which he claims was in retaliation. Defendants continued to refuse to provide him with medical care, and after Plaintiff's attorney and family members contacted the Sheriff's Department to complain about Plaintiff's treatment, Plaintiff claims he was subjected to further retaliation and denial of medical care. His placement in Ad. Seg. resulted in Plaintiff being unable to perform his critical daily activities [and] to properly participate in his own defense." *Id.* at 15-16. In addition, Plaintiff's placement in Ad. Seg. "cause[d] Plaintiff more depression and his PTSD to increase," and he was denied mental health care. *Id.*

C. Statute of Limitations

Plaintiff's claims arise from the time he was housed at the San Diego County Jail in July of 2015. *See* Compl. at 12. "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two. *Id.* (citing CAL. CIV. PROC. CODE § 335.1).

The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation,

the federal court also borrows all applicable provisions for tolling the limitations period found in state law).  Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years.  CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005).  Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one-year limitations period plus two-year statutory tolling), and four years for claims accruing thereafter (two-year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues).  "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391.  Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

Here, Plaintiff's claims accrued in July of 2015.  *See* Compl. at 12-16.  Plaintiff, however, was not a prisoner at the time of the alleged incidents because he was in trial and had not yet been convicted.  *See id.* at 12.  A California appellate court has held that a pretrial detainee is not "imprisoned on a criminal charge" and is therefore not entitled to tolling for the period he was in custody prior to being in prison.  *See Austin v. Medicis*, 21 Cal. App. 5th 577, 597 (2018).  Plaintiff is similarly not entitled to tolling for the period he was in custody during his trial.  *See Shaw v. Sacramento Cnty. Sheriff's Dept.*, 343 F. Supp. 3d 919, 923-24 (E.D. Cal. 2018) (applying *Austin* to a pretrial detainee and denying tolling).  The statute of limitations therefore expired on July 9, 2017.  Consequently, based on the face of Plaintiff's own pleading, it is clear Plaintiff's claims fall outside California's two-year statute of limitations, even including all presumed

periods of tolling provided by statute. *See Wallace*, 591 U.S. at 391; *Maldonado*, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration).

Finally, Plaintiff's claims could be considered timely if, in his Complaint, he alleges facts sufficient to show the limitations period may be *equitably* tolled. *See Cervantes*, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff carries the burden to plead facts which would give rise to equitable tolling); *see also Kleinhammer v. City of Paso Robles*, 385 Fed. Appx. 642, 643 (9th Cir. 2010).

Accordingly, the Court finds the running of the statute of limitations is apparent on the face of Plaintiff's Complaint, and therefore he has failed to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

**III. Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Court **DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. The Court **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

3. The Court **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to re-open his case.  In order to do so, Plaintiff must: (1) pay the entire $400 statutory and administrative filing fee in one lump-sum, **or** (2) file a renewed Motion to Proceed IFP, *which includes a prison certificate and/or a certified copy of his CDCR Inmate Trust Account Statement or his Inmate Trust Account Statement Report for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b) **and** (3) file a First Amended Complaint (FAC) which cures all the deficiencies of pleading noted.  Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading.  Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived.  *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

4. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience and a blank copy of a form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use in amending.

5. If Plaintiff does not comply by paying **or** sufficiently moving IFP **and** filing FAC within 45 days, the Court will then enter a final Order of dismissal based both on his failure to satisfy 28 U.S.C. § 1914(a) and § 1915(a) and his failure to state a claim per 28 U.S.C. § 1915(e)(2) and § 1915A.

**IT IS SO ORDERED**.

Dated: June 18, 2020

HON. MICHAEL M. ANELLO
United States District Judge