**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH RUSSEL LUCKETT<br>CDCR #BA-6053,<br><br>   Plaintiff,<br><br>vs.<br><br>A. SUDBURY, et al.,<br><br>   Defendants. | Case No. 20cv932-MMA-JLB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 4]<br><br>**DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

**I.   Procedural History**

On May 18, 2020, Plaintiff Keith Russel Luckett, an inmate currently incarcerated at Salinas Valley State Prison, filed a civil rights action pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1.  Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 2.

On June 18, 2020, the Court denied Plaintiff's Motion to Proceed IFP due to his failure to submit the required copy of his CDCR Inmate Statement Report.  *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2; Doc. No. 3 at 7.  The Court also dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1).  *See* Doc.

No. 3 at 7. Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. *See id.* at 8.

On July 6, 2020, Plaintiff filed a renewed Motion to Proceed IFP. *See* Doc. No. 4. On July 7, 2020, Plaintiff filed his First Amended Complaint ("FAC"). *See* Doc. No. 5.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (U.S. 2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has submitted a certified copy of his inmate trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and this District's Civil Local Rule 3.2. His trust account statement indicates he has insufficient funds from which to pay a partial initial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court grants Plaintiff leave to proceed IFP and directs the Secretary for the California Department of Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

     A.     Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or

malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's factual allegations

On July 9, 2015, Plaintiff was in the custody of the San Diego County Jail while he was attending his trial. *See* FAC at 12. During his attorney's closing argument, he "stood up and yelled his innocence." *Id.* At that point, San Diego County Sheriff A. Sudbury punched Plaintiff in the back of his head, knocking Plaintiff unconscious. *Id.* at 12-13. Plaintiff alleges that Defendants A. Macias and J. Lopez, also San Diego County Sheriffs, punched and kicked him. *Id.* at 13. Plaintiff was then dragged from the courtroom. *Id.* Plaintiff contends he was disoriented from the courtroom attack and could not identify the Does 1-4 who also punched and kicked him after he was removed

from the courtroom. *Id*. Plaintiff also alleges that he was tasered several times unnecessarily and that Defendants did not file an incident report. *Id*. Plaintiff alleges that although he was taken to the hospital after the incident, this was only "to follow protocol a taser is utilized" and that "all other medical treatment was denied." *Id*. at 14.

Plaintiff appeared in court on July 10, 2015 and told the judge he had not been fed since the preceding morning. *Id* at 15. Later, Plaintiff was placed in Administrative Segregation (Ad. Seg.), which he claims was in retaliation. *Id*. Defendants continued to refuse to provide him with medical care, and after Plaintiff's attorney and family members contacted the Sheriff's Department to complain about Plaintiff's treatment, Plaintiff claims he was subjected to further retaliation and denial of medical care. *Id*. His placement in Ad. Seg. resulted in Plaintiff being unable to perform his critical daily activities [and] to properly participate in his own defense." *Id.* at 16.

Plaintiff seeks $800,000 in compensatory damages as to each Defendant, $1,500,000 in punitive damages, and damages for "pain & suffering." *Id.* at 7.

C.     Statute of Limitations

Plaintiff's claims arise from the time he was housed at the San Diego County Jail in July of 2015. *See* FAC at 1, 12-15. "A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l*

*Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one-year limitations period plus two-year statutory tolling), and four years for claims accruing thereafter (two-year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or

omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

Here, Plaintiff's claims accrued in 2017. *See* FAC at 1, 12-15. Thus, assuming Plaintiff is not serving a life sentence, he is entitled to an additional two (2) years of statutory tolling pursuant to CAL. CIV. PROC. CODE § 352.1(a). *Johnson*, 207 F.3d at 654; *see also Jones*, 393 F.3d at 928 n.5 (noting that "California courts have read out if the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling."). Consequently, based on the face of Plaintiff's own pleading, it is clear Plaintiff's claims fall far outside California's two-year statute of limitations, even with the benefit of an additional two years of tolling provided by statute. *See Wallace*, 591 U.S. at 391; *Maldonado*, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration). Plaintiff should have filed this action no later than July 2019; he filed this action on May 18, 2020.

The Court notes that Plaintiff's claims could be considered timely if, in his FAC, he alleged facts sufficient to show the limitations period may be *equitably* tolled. *See Cervantes*, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, Plaintiff appears to claim that he believed that between the period of "being found guilty by the jury and the Plaintiff arriving at the CDCR in August 2016, Plaintiff was of

1  the belief that his public defender was arranging the filing of a lawsuit on his behalf."
2  FAC at 12.  Even if this belief was well founded, Plaintiff's inaction from August 2016 to
3  May 2020 does not support a finding that Plaintiff diligently pursued his claim.
4  Moreover, Plaintiff offers no factual allegations to support a finding that he was subjected
5  to the "product of forces beyond his control."  *Hull*, 28 Cal. App. 4th at 1335.

6        The Court finds that Plaintiff has failed to plead sufficient facts to support a
7  plausible claim for equitable tolling.  *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at
8  679; *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (plaintiff carries the burden
9  to plead facts which would give rise to equitable tolling); *see also Kleinhammer v. City of*
10 *Paso Robles*, 385 Fed. Appx. 642, 643 (9th Cir. 2010).  Accordingly, the Court finds that
11 the running of the statute of limitations is apparent on the face of Plaintiff's FAC and
12 Plaintiff therefore fails to state a claim upon which section 1983 relief may be granted.
13 *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1).

14        D.    Leave to Amend

15        Because Plaintiff has already been provided a short and plain statement of his
16 pleading deficiencies, as well as an opportunity to amend those claims to no avail, the
17 Court finds granting further leave to amend would be futile.  *See generally* Doc. No. 3;
18 *see also Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014)
19 ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'")
20 (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v.*
21 *Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has
22 previously been granted leave to amend and has subsequently failed to add the requisite
23 particularity to its claims, [t]he district court's discretion to deny leave to amend is
24 particularly broad." (internal quotation marks omitted) (second alteration in original)).

25 **III.   Conclusion and Order**
26        For the reasons discussed, the Court:
27        1.    **GRANTS** Plaintiff's Motion to Proceed IFP;
28        2.    **ORDERS** the Secretary of the CDCR, or his designee, to collect from

Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

5. **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

6. **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and terminate the action.

**IT IS SO ORDERED**.

Dated: August 5, 2020

HON. MICHAEL M. ANELLO
United States District Judge