UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RUSSEL LUCKETT,<br><br>                    Plaintiff,<br><br>         vs.<br><br>A. SUDBURY, et al.,<br><br>                    Defendants. | Case No. 20cv932-MMA-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)**<br><br>[Doc. No. 13] |

## I. Procedural History

On May 18, 2020, Plaintiff Keith Russel Luckett, an inmate currently incarcerated at Salinas Valley State Prison, initiated this civil rights action pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1. Upon initial screening, the Court dismissed Plaintiff's complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). *See* Doc. No. 3. Specifically, the Court noted that Plaintiff's claims were untimely and explained that Plaintiff had failed to allege facts sufficient to demonstrate equitable tolling of the statutory limitations period. *See id.* at 7-8. The Court set forth the standard for equitable tolling, including the necessary conditions, and granted Plaintiff leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. *See id.* at 8.

Thereafter, Plaintiff filed a First Amended Complaint ("FAC"). See Doc. No. 5. The Court conducted the requisite sua sponte screening of Plaintiff's FAC and determined, *inter alia*, that Plaintiff once again failed to plead sufficient facts to support a plausible claim for equitable tolling. See Doc. No. 6 at 7-8. The Court further determined that "[b]ecause Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile." *Id*. at 8. The Court dismissed the action and the Clerk of Court entered judgment accordingly. See Doc. No. 7.

Plaintiff filed a timely Notice of Appeal. See Doc. No. 8. Several days later he filed a second Notice of Appeal. See Doc. No. 9. On August 25, 2020, the United States Court of Appeals for the Ninth Circuit docketed Plaintiff's appeal and issued a briefing schedule. See Doc. Nos. 10, 11. Several weeks later, Plaintiff filed a motion in this Court seeking relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). See Doc. No. 13.

**II.     Discussion**

Plaintiff moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) which provides, in pertinent part, that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Once a district court is divested of jurisdiction through appeal of a final judgment, it lacks the power to grant a motion brought pursuant to Rule 60(b) without a remand from the court of appeals. See *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007). However, Federal Rule of Civil Procedure 62.1 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1. Accordingly, the Court may

consider Plaintiff's motion within these parameters.

Here, Plaintiff has not shown "excusable neglect" justifying relief from the Court's order and judgment. Plaintiff simply repeats his previous allegations regarding his misunderstanding of the statute of limitations for filing this action which the Court determined insufficient. See Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995) (district court properly denied Rule 60(b) motion because movant "merely reiterated the arguments that he had already presented to the district court"). Plaintiff also appears to state additional facts to support a claim that he was diligent in pursuing his legal remedies in support of a claim of equitable tolling. However, motions for reconsideration may not be used as a vehicle for raising new arguments or allegations that could have been raised previously. See Rosenfeld v. U.S. Dep't of Justice, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse."). When drafting his FAC, Plaintiff had the benefit of the Court's full analysis regarding the statute of limitations issue and Plaintiff's burden to plead facts in support of a claim of entitlement to equitable tolling. See Doc. No. 3 at 7-8. The time to state any such factual allegations was then not now. Moreover, a motion for relief from judgment may not be used as a vehicle to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment. See Exxon Shipping Co. v. Baker, 544 U.S. 471, 486-87 (2008); see also Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

### III. Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED**.

Dated: October 23, 2020

Hon. Michael M. Anello
United States District Judge